**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

United States of America
v

Garry Laverne Porter/          Case Number: 09-30436-10
                                                             Honorable _____

    Defendant

_____/

**Defendant Porter's Appeal from Magistrate Sheer's Order of Detention Pending Trial**

**NOW COMES** Defendant G A R R Y  P O R T E R by and through his attorney his attorney Ray E Richards, II of the Law Office of Ray E Richards, II PLC before is Honorable Court appealing Magistrates Scheer's October 29th, 2009 Order of Detention Pending Trial and States as follows:

1. Defendant is being charged in a complaint with possessing of a firearm by a felon.
2. The government has consented on the record that Mr. Porter is not a flight risk. On appeal it is not an issue before the court. We concur he indeed is not a flight risk.
3. The only issue before the Court is if Mr. Garry Porter is a danger to the community.
4. Mr. Porter has an unremarkable criminal history. Convicted of an attempt carrying concealed weapon in 1996. Facts and circumstances of the same was that he had a license to carry said firearms but is carrying them incorrectly in his vehicle. Not on his person.
5. He is a Detroit School teacher for 38 years. The Detroit Public School Board knew of his prior conviction. Mr. Porter while in the process to answer to the Board for the prior conviction, went through an intense administrative hearing. Ultimately the prior conviction was deemed not a factor in his continued employment and the Detroit Public School Board, allowed him to keep his job! Since he has worked there without incident or danger posed to his children or anyone else!
6. Mr. Porter has been a Muslim for the past 33 years without any activity and or acts that one would call dangerous or of suspicion for over the three decades of his faith! The alleged transaction to wit he is charged is a non assaultive offense.
7. The alleged transaction is for an alleged sale of a weapon. Weapons allegedly sold were not directed intended for or contemplated in any criminal activity. There is no other instance on the record or supported in the affidavit attached to the complaint that would justify and or establish any violent act(s) on behalf
8. The Government alleges to one statement made by Mr. Porter where he allegedly references to guns and "jihad" meaning "holy war". Said statement *in arguendo* if to be believed does not in no way shape or form make a threat against anyone any government or entity in particular.
9. Moreover if the Government actually believed that this statement was true they would have surely raided his home. Which they didn't. When they arrested him they found no evidence of any firearms on his

person or in his vehicle. When arrested he had to knives on his person. Body were of legal size and we legal for him to possess! At the time of his arrest he did not pull, brandish, reach for or point the knives at the arresting agents!

10. Moreover, the Pre Trial services report recommended a $10,000.00 unsecured personal bond. There were no additional aggravating facts that were raised at the detention hearing! Nevertheless, there is nothing that would indicate on the record the need for detention because of a danger to the community.

11. That Defendant Porter's background, history and other factors rebut the presumption of being a danger to the community.

12. That Defendant Porter would be willing to participate in an electronic monitoring program (tether) if Ordered.

13. That there are conditions which can be set which can allow Defendant Porters release and yet still ensure his appearance and still protect the community.

**Wherefore**, Defendant Porter respectfully request this Court review this matter and enter an Order setting conditions of his release in this instance.

(1). Overturn and amend the Order of the Magistrate to allow Defendant be placed on tether restricting him to home, work and undersigned counsels office only.

(2) That this Honorable Court schedule a hearing in which the Defendant may be heard and if necessary testimony taken on said Appeal.

Respectfully Submitted;
**Law Office of Ray E. Richards, II P.L.C.**

_____
**Ray E. Richards, II (P56972)**
Attorney for Defendant Porter
29488 Woodward Avenue
Suite 444, Royal Oak, MI 48073
1.313.962.0700 (ofc)
Email address: richlaw2000@yahoo.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

United States of America

Plaintiff

vs

Garry Laverne Porter/     Case Number: 09-30436-10

                                        Honorable _____

Defendant

_____/

**NOW COMES** Defendant, GARRY PORTER, by and through his counsel, RAY E RICHARDS II, and files the instant brief in Support of his Motion to Review the Order of Detention and to Set Conditions for Release. Defendant PORTER was Ordered detained on October 29th, 2009, by United States Magistrate Judge Donald Sheer.

## LEGAL ANALYSIS

The detention order review is articulated in Title 18 U.S.C. § 3145(b) which provides the following:

    (b) Review of a detention order –

    If a person is ordered detained by a magistrate,….

…The person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

In addition 18 U.S.C. § 3142(e) provides, in relevant part, "[i]f, after a hearing… the judicial officer finds that no condition or combination of conditions <u>will reasonably assure</u> the appearance of the person as required and the safety of another person and the community, [h]e shall order the detention of the person prior to trial. (Emphasis added).

## THE ORDER OF DETENTION SHOULD BE REVOKED AND CONDITIONS OF RELEASE SHOULD BE SET

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno,* 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). In *United States v. Orta,* 760 F.2d 887 (8th Cir. en banc 1985), the Court made a detailed examination of the legislative history of the Bail Reform Act of 1984. The *Orta* court proffered that "the passage of the pretrial detention

provisions of the 1984 Act did not, however, signal a congressional intent to incarcerate wholesale the category of accused persons awaiting trial." *Id.* at 890. "Congress envisioned the pretrial detention of only a fraction of accused individuals awaiting trial." *Id.* at 891.

The issue is whether the order of detention should be revoked and a conditional release be arranged instead. The standard for an order of detention of a defendant prior to trial is articulated in 3142(e) which states that the judicial officer is to order the person detained, if, after a hearing pursuant to subsection 3142(f), he finds that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.

The judicial officer shall use the factors set forth in § 3142(g)(1) in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any person and the community. The following factors are to be taken into account: (1) the nature and circumstances of the offense charged (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C.A. § 3142(g).

The facts on which the finding of dangerousness is based must, under subsection (f), be supported by clear and convincing evidence. *United States v Ridinger,* 623 F.Supp. 1386, 1393 (1985) (quoting 1984 U.S. Code Cong. & Ad. News, p. 3200-02). "Although the judicial officer may impose further restrictions upon a finding that the legal standard for either the flight or the danger concern is not met, a determination that a defendant's release 'will endanger' the community will be rare" *United States v Orta,* 760 F.2d at 891 n. 14).

In this instance, Defendant PORTERS criminal history overstates the seriousness of the danger he would impose on the community. Defendant PORTER is a lifelong Michigan resident with strong family and community ties. Mr. Porter is a educated professional. He has a bachelors and masters degree. He has been a physical education teacher and coach over the term and tenure of his 38 year career with the Detroit Public Schools. He is the sole bread winner for a family of seven. He is the only person in his household with a job. He is also supporting his adult children who are seeking employment. He is a man of menial means. He supports this large family on a $70,000.00 salary. He is currently suspended without pay. It is

critical that he get back to be securing his job work as soon as possible to make an attempt to restarting his income to feed his family.

**WHEREFORE,** Defendant PORTER respectfully requests that his Honorable Court issue an Order REVERSING the Order of Detention and Set Conditions of Release that are less restrictive.

Respectfully submitted,

*/S//* **Ray E. Richards, II**

*(Signature)*

Ray E. Richards, II (P56972)

29488 Wood Avenue

Suite 444

Royal Oak, MI  48073

(313) 962-0700 (Ofc)

(313) 962-0720 (Fax)

Email: richlaw2000@yahoo.com

Dated: November 12, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America

   Plaintiff
Vs.

Garry Laverne Porter/              Case Number: 09-30436-10
                                            Honorable _____

   Defendant
_____/

## CERTIFICATE OF SERVICE BY ELETRONIC MAIL

    I hereby certify that November 12, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

    Also the foregoing paper has been mailed to all non-participants of the ECF system.

**s/Dephann Edwards-Hatchett**

**Dephann Edwards-Hatchett**

Law Office of Ray E. Richards, II PLC

29488 Woodward Avenue

Suite 444

Royal Oak, MI  48073

**1.313.962.0700**

**E-mail:richlaw2000@yahoo.com**